IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS L. GOFF,

      Plaintiff,                              No.  CIV S-12-0009 GEB GGH P

    vs.

M. SALINAS, et al.,

      Defendants.              <u>ORDER</u>

                                  /

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will not be assessed an initial filing fee.  Plaintiff is also obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

$10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
2  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
3  1843 (1969).

4  Plaintiff's complaint contains many descriptions of prison officials opening legal
5  mail and alleged denial of access to the courts.  The majority of the claims involve plaintiff
6  sending letters to a dozen or so attorneys seeking representation and then the letters are returned
7  by the post office as undeliverable, and prison officials open the letters before returning them to
8  plaintiff.  As set forth below, this does not state a cognizable claim of denial of access to the
9  courts and plaintiff has failed to allege any injury from the opened mail, therefore these claims
10 are dismissed.  Alvarez v. Horel, 415 Fed. Appx. 836 (9th Cir. 2011) (district court properly
11 dismissed opened mail claim as plaintiff failed to allege he suffered any injury).  Plaintiff also
12 describes certain other legal cases that were hindered by the prison mail procedures, but does not
13 specifically describe the type of cases he was pursuing and the injuries he suffered, if any.

14 Plaintiff does describe one such criminal appeal that he gave to prison officials on
15 August 2, 2009, to be signed and dated by a guard and then sent in the mail, though plaintiff does
16 not identify the defendants.  The appeal was returned to plaintiff on August 3, 2009, as it has not
17 been signed by a guard, and then was sent on August 4, 2009.  Plaintiff has included a copy of a
18 letter from the Superior Court of California County of Stanislaus stating that the appeal was
19 postmarked August 4, 2009, and was therefore a day late and untimely.  It is not clear if plaintiff
20 provided a declaration of when he handed the mail to the guards to benefit from the mailbox rule
21 pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379 (1988) (pro se prisoner filing
22 is dated from the date prisoner delivers it to prison authorities); or if the Superior Court erred.  In
23 any event, the court serve an unnamed defendant.

24 Plaintiff's complaint is dismissed but plaintiff will be granted 28 days to file an
25 amended complaint.  All claims regarding the opening of legal mail are dismissed without leave
26 to amend for the reasons discussed above.  Plaintiff may file an amended complaint regarding

3

denial of access to the courts. Plaintiff should not set forth a laundry list of perceived instances of denial of access to the courts but focus on a few specific occasions where he suffered an actual injury, and describe the injury and name the defendants responsible. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Prisoners have a constitutional right to be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This right applies to prisoners' challenges to their convictions or sentences or conditions of confinement. Id. at 354. Prison officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file them." Id. at 350. To establish a claim for any violation of the right of access to the courts, prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous claim concerning their conviction or conditions of confinement has been hindered. Id. at 350-55.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

1  Plaintiff will not be assessed an initial filing fee.  The fee shall be collected and paid in
2  accordance with this court's order to the Director of the California Department of Corrections
3  and Rehabilitation filed concurrently herewith.
4         3. The complaint is dismissed, with leave to file an amended complaint as set
5  forth above, within twenty-eight days from the date of service of this order.  Failure to file an
6  amended complaint will result in a recommendation that this action be dismissed.
7  DATED: January 26, 2012

                                             /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

GGH: AB
goff0009.b